UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES – GENERAL

Case No.   2:25-cv-08416-SK                                    Date: February 24, 2026

Title      Gregory Futala v. Schindler Elevator Corporation et al.

---

Present: The Honorable:  Steve Kim, United States Magistrate Judge

|  |  |
|---|---|
| Connie Chung | n/a |
| Deputy Clerk | Court Reporter / Recorder |

|  |  |
|---|---|
| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
| None present | None present |

**Proceedings:**      (IN CHAMBERS) **ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND REMAND TO STATE COURT [ECF 8]**

### I.
### BACKGROUND

In April 2025, defendant Schindler Elevator Corporation ("Schindler") terminated plaintiff Gregory Futala's employment. (ECF 1-2 at 30). Plaintiff, aged 63 at the time, alleges that the termination was motivated by his age and a back injury that caused him to miss only one week of work in November 2024. (*Id.*). Upon his return, plaintiff alleges that his supervisor, Jerry Chavira, assigned tasks outside the scope of plaintiff's role and made derogatory age-related comments implying he should retire. (*Id.*). After Chavira made those alleged comments, he signed plaintiff's termination letter and replaced him with someone under age 40. (*Id.; ECF 8-1 at 29). Based on these allegations, in August 2025, plaintiff sued Schindler—and Schindler alone—in Los Angeles County Superior Court for age discrimination and wrongful termination under California law. (ECF 1-2 at 31–35).

Schindler promptly answered the complaint and timely removed the case to federal court in September 2025, invoking federal diversity jurisdiction under 28 U.S.C. § 1332. (ECF 1 at 2; ECF 1-2 at 59–67). At the time, there was complete diversity of citizenship: Plaintiff is a citizen of California, while Schindler is a corporate citizen of Delaware (where it is incorporated) and New Jersey (its principal place of business).

---

CV-90 (03/15)                           Civil Minutes – General                           Page 1 of 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08416-SK                    Date: February 24, 2026

Title       Gregory Futala v. Schindler Elevator Corporation et al.

(ECF 1 at 5–6).  And no one contends that the amount in controversy here is less than $75,000.  (ECF 1 at 6; ECF 8 at 12).  Thus, in its September 2025 removal notice, Schindler properly alleged complete diversity of citizenship and an amount in controversy exceeding the statutory threshold of $75,000—based on the original complaint filed in state court against Schindler as the sole defendant.  (ECF 1 at 2, 4–7).

Just a few weeks afterward, however, plaintiff moved to add his supervisor, Jerry Chavira, as a named defendant along with two causes of action against both Chavira and Schindler for harassment and defamation under California law.  (ECF 8 at 9; ECF 8-1).  Chavira, as it turns out, is a citizen of California like plaintiff.  And because Chavira's joinder would destroy complete diversity of citizenship among the parties, plaintiff moved to remand this action to state court for lack of jurisdiction under § 1332.  (ECF 8 at 14–17).  For that very same reason, though, Schindler now opposes the motion to remand, suggesting that plaintiff is adding Chavira only to negate this court's subject matter jurisdiction.  (ECF 9 at 13–17).  But Schindler offers no convincing basis to deny plaintiff's requested joinder of his former supervisor, especially given that the liberal standards for adding parties or claims under Rule 15 of the Federal Rules of Civil Procedure would surely permit such joinder even if plaintiff wanted to keep his case here.  And other than the self-evident fact that Chavira's joinder would end up returning this case to state court—where it would have had to stay anyway if Chavira had been named in the original complaint—Schindler does not seriously contend that Chavira is a sham or fraudulent defendant added for no purpose other than forum manipulation.

Plaintiff's motion to amend his complaint and remand this action to the state court (where it was originally filed) is thus granted.

**II.**
**DISCUSSION**

Federal courts "are courts of limited jurisdiction."  *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  Under 28 U.S.C. § 1332(a), federal courts are given power to decide "diversity" cases involving state law between "citizens of different States" whose dispute involves more than a stated sum (the so-called amount-in-controversy).  That diversity jurisdiction can of course be invoked originally by the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08416-SK                          Date: February 24, 2026

Title   Gregory Futala v. Schindler Elevator Corporation et al.

plaintiff in a lawsuit, but it can also be invoked by the defendant later—to remove a case from state court to federal court—so long as the same jurisdiction would exist if only plaintiff had chosen to sue in federal rather than state court first. *See* 28 U.S.C. § 1441(a); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001).

At the same time, the removal statute is strictly construed against removal because federal courts—unlike state courts—are forums of limited rather than general jurisdiction. *See More-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). As a result, "any doubt about the right of removal requires resolution in favor of remand." *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). What's more, the plaintiff in a civil suit is "the master of the complaint" and therefore controls much about her suit. *Royal Canin*, 604 U.S. at 37 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987)). The plaintiff "may, for example, name only defendants who come from a different State, or instead add one from her own State and thereby destroy diversity of citizenship." *Id.* And so, just as "an amendment [to a complaint] can either destroy or create jurisdiction in an original diversity case, . . . in removed cases too, amending a complaint to join a non-diverse party destroys diversity jurisdiction." *Id.* at 37–38. "So if such a joinder occurs after removal, the federal court must remand the case to the state court it began in." *Id.* at 38.

So it is here. When a plaintiff seeks to join an additional defendant after removal, the court may deny joinder or permit joinder and remand the action. *See* 28 U.S.C. § 1447(e). This decision rests in the court's discretion. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Six non-exhaustive factors are typically considered to determine whether to permit joinder after removal: (1) whether the new defendant is needed for just adjudication under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendant in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denying joinder will prejudice the plaintiff. *See, e.g.*, *Khachunts v. Gen. Ins. Co. of Am.*, 682 F. Supp. 3d 827, 832–33 (C.D. Cal. 2023). None of these factors counsels against permitting Chavira's joinder as a named defendant in the proposed first amended complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    2:25-cv-08416-SK                    Date: February 24, 2026

Title        Gregory Futala v. Schindler Elevator Corporation et al.


*First*, Rule 19(a) requires joining people whose absence would preclude complete relief, impede their ability to protect their interests, or subject any party to the danger of inconsistent obligations.  Often, this standard "is met when failure to join [would] lead to separate and redundant actions."  *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011–12 (N.D. Cal. 2000).  On this score, Chavira is a proper party because he is alleged to be the person responsible for the discriminatory, harassing, and defamatory treatment.  (ECF 8 at 15–16).  Denying Chavira's joinder here thus couldn't stop plaintiff from suing him separately in state court, resulting in a largely redundant action with the possibility of inconsistent or irreconcilable outcomes.

*Second*, Schindler does not argue—nor proffers any evidence to suggest—that plaintiff's claims against Chavira would be time-barred if filed in state court.  *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018).  So there is no basis in California's statute of limitations to deny joinder and risk needlessly spawning a largely duplicative action against Chavira in state court.  *See, e.g.*, *Avellanet v. FCA U.S. LLC*, 2019 WL 5448199, at *4 (C.D. Cal. Oct. 24, 2019).

*Third*, there was no unreasonable delay in plaintiff seeking amendment to add Chavira.  *See Lopez v. General Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983).  To be sure, courts have discretion "to deny joinder of a diversity-destroying party whose identity was ascertainable and thus could have been named in the first complaint."  *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1023 (C.D. Cal. 2002).  And it is hard to imagine that plaintiff didn't know the identity of the supervisor who fired him when he sued Schindler in state court—he is in fact mentioned in the original complaint.  (ECF 1-2 at 30).  But according to plaintiff, this two-month delay between the original and proposed amended complaint happened only because new counsel reviewed the case and spotted causes of action against Chavira.  (ECF 13 at 7).  That is not an unreasonable explanation, nor is a two-month gap between the filing of an original and proposed amended complaint beyond the pale of typical civil litigation practice.  Besides, plaintiff moved to amend his complaint and remand the action just three days after this court set a Rule 16 scheduling conference—a conference that the court, in turn, deferred pending a decision on plaintiff's motion.  (ECF 7).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-08416-SK                          Date: February 24, 2026

Title       Gregory Futala v. Schindler Elevator Corporation et al.

*Fourth*, plaintiff's motive in seeking joinder is not dispositive of whether a diversity-destroying amendment should be allowed.  *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980).  "The issue is often framed in terms of whether the sole purpose of seeking to join the non-diverse defendant is to defeat diversity jurisdiction."  *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1285 (C.D. Cal. 2015).  But just because the addition of Chavira here ends up defeating diversity of citizenship—and plaintiff doesn't hide the fact that he prefers that outcome—is not the same thing as proof of an improper motive.  (ECF 8 at 16; ECF 9 at 13).  Besides, it's questionable how much such a concern can even "limit the effect of the plaintiff's decision, as the master of [his] complaint, to add or subtract claims or parties."  *Royal Canin*, 604 U.S. at 38 n.8.  It is simply a jurisdictional reality of federal civil litigation that "[b]y adding or subtracting claims or parties, and thus reframing the suit, that pleading can alter a federal court's authority. . . . and the federal court must remand the case to the state court where it started."  *Id.* at 39.  "[T]he rule in that context is the standard one: Jurisdiction follows the amended pleading—regardless of any (probably minor) forum-manipulation concerns."  *Id.* at 43 n.9.

*Fifth*, "it is not readily apparent that [defeating diversity] is the sole motivation" here anyway, since "there is a seemingly valid claim" against Chavira.  *Sandhu v. Volvo Cars of N. Am., LLC*, 2017 WL 403495, at *3 (N.D. Cal. Jan. 31, 2027).  In this regard, "whether the claims against the new party sought to be added seem meritorious" is not judged by summary judgment—or even Rule 12(b)(6) pleading—standards.  *Jackson v. Dollar Tree Dist., Inc.*, 2018 WL 2355983, at *5 (C.D. Cal. May 23, 2018); *see Grancare*, 889 F.3d at 549–50; *Goodman v. Travelers Ins. Co.*, 561 F. Supp. 1111, 1113–14 (N.D. Cal. 1983); *Sabag v. FCA US, LLC*, 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016).  Instead, "so long as the claims are at least potentially valid, the factor weights in favor of joinder."  *Jackson*, 2018 WL 2355983, at *5; *accord Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999).  Here, plaintiff's new claims against Chavira for harassment and defamation are colorable under California law.  (ECF 8-1).  *See* Cal. Lab. Code § 12940(j); *Hoglund v. Sierra Nev. Memorial-Miners Hosp.*, 102 Cal. App. 5th 56 (2024); *Dickinson v. Crosby*, 37 Cal. App. 5th 1138 (2019).

*Sixth* and last, precluding plaintiff from joining Chavira would prejudice plaintiff because it would require him either to abandon viable claims against Chavira or to

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-08416-SK                    Date: February 24, 2026

Title        Gregory Futala v. Schindler Elevator Corporation et al.

initiate substantively duplicative litigation in state court.  In this regard, the liberal amendment standards under Rule 15 have something to say.  *See* Fed. R. Civ. P. 15(a) (directing that pleading amendments be "freely given when justice so requires").  No matter if Rule 15 strictly applies "when a plaintiff amends her complaint after removal to add a diversity destroying defendant," *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, 2016 WL 3396925, at *2 (C.D. Cal. June 13, 2016), it is still worth asking if that defendant would have to be added anyway under Rule 15—on plaintiff's request for such leave—even if he wanted to keep his case in federal court.  Here, with no scheduling order (and any associated deadline to add parties or claims) even entered, the court would be hard pressed to deny plaintiff leave to file a first amended complaint adding Chavira as a named defendant under Rule 15.  Besides, plaintiff could have just as easily named Chavira as a defendant in his original complaint along with Schindler—blocking Schindler's ability to remove the complaint from state to federal court in any event.  In either scenario, the court could neither retain nor seize diversity jurisdiction given the configuration of the operative complaint.  And in both scenarios, the court has no warrant to deny plaintiff his right to be "master of [his] complaint."  *Royal Canin*, 604 U.S. at 35.[1]

**III.
CONCLUSION**

For all these reasons, plaintiff's motion for leave to file a first amended complaint—adding a nondiverse defendant (along with additional claims)—is GRANTED.  With the addition of the nondiverse defendant, this court's subject matter jurisdiction under 28 U.S.C. § 1332 is lost.  Plaintiff's motion to remand this case to state court is therefore also GRANTED and this case is so REMANDED consistent with this order.  The Clerk of the Court is ordered to transmit the record of this case to the Los Angeles County Superior Court in Case No. 25STCV23012.  Meanwhile, the parties

---

[1] Of course, there are limits to that right.  For instance, federal courts can deny joinder when it would be fraudulent.  *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009).  But Schindler bears a "heavy burden" to make that showing, *Grancare*, 889 F.3d at 548—and to its credit, Schindler doesn't seriously try.  After all, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  *Hunter*, 582 F.3d at 1046 (citation omitted).  So it is here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08416-SK                              Date: February 24, 2026

Title        Gregory Futala v. Schindler Elevator Corporation et al.


are ordered to notify the state court accordingly and to provide (or file) a copy of this order with the state court as needed.

　　　IT IS SO ORDERED.